IN OPEN COURT

MAR - 9 2017

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNDER SEAL

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 1:12-CR-398 |
| ) | |
| ) | Count 1: 21 U.S.C. §§ 963 and 959(a) |
| ) | (Conspiracy to Manufacture Methamphetamine |
| JESUS CONTRERAS-ARCEO, ) | for Importation) |
| also known as "Canasto," ) | |
| ) | Count 2: 18 U.S.C. §§ 1956(h) and |
| and ) | 1956(a)(2)(A) |
| ) | (Conspiracy to Commit Money Laundering) |
| JORGE MANUEL COBIAN-GONZALEZ, ) | |
| also known as "Guero" ) | Forfeiture: 21 U.S.C. § 853 |
| ) | 18 U.S.C. § 982 |
| Defendants. ) | |

## SECOND SUPERSEDING INDICTMENT

March 2017 Term - at Alexandria, Virginia

### COUNT ONE
(Conspiracy to Manufacture Methamphetamine for Importation)

THE GRAND JURY CHARGES THAT:

From in and around January 2011 through the date of this Indictment, within the jurisdiction of the United States, and in an offense begun and committed outside the jurisdiction of a particular State or district, the defendants JESUS CONTRERAS-ARCEO, also known as "Canasto," and JORGE MANUEL COBIAN-GONZALEZ, also known as "Guero," who will be first brought to the Eastern District of Virginia, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with each other and with others, known and unknown

to the Grand Jury, to unlawfully, knowingly, and intentionally manufacture 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, **knowing and intending** that such substance would be unlawfully imported into the United States, in violation of Title 21, United States Code, Section 959(a).

(In violation of Title 21, United States Code, Section 963.)

## COUNT TWO
(Conspiracy to Commit Money Laundering)

THE GRAND JURY FURTHER CHAGES THAT:

From in and around January 2011 through the date of this Indictment, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, the defendants JESUS CONTRERAS-ARCEO, also known as "Canasto," and JORGE MANUEL COBIAN-GONZALEZ, also known as "Guero," who will be first brought to the Eastern District of Virginia, did unlawfully and knowingly combine, conspire, confederate, and agree with each other and with others, known and unknown to the Grand Jury, to unlawfully and knowingly transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit: the manufacture and distribution of methamphetamine, in violation of Title 21 of the United States Code, in violation of Title 18, United States Code, 1956(a)(2)(A).

(In violation of Title 18, United States Code, Section 1956(h).)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS there is probable cause that the property described below is subject to forfeiture:

Pursuant to Fed. R. Crim. P. 32.2(a), the defendants are hereby notified that if convicted of the drug offense charged in Count One of this Indictment, they shall forfeit to the United States any property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violation; and any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation. Pursuant to Title 21, United States Code, Section 853(p), the defendants shall forfeit substitute property if by any act or omission of a defendant, the property described above or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

Further, pursuant to Rule 32.2(a), the defendants are hereby notified that, if convicted of any of the money laundering offense charged in Count Two of this Indictment, they shall forfeit to the United States, pursuant to 18 U.S.C. ' 982(a)(1), any property, real or personal, involved in the money laundering offense of conviction, or any property traceable to such property. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by 28 U.S.C. ' 2461(c), the defendants shall forfeit substitute property if, by any act or omission of a defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled

with other property which cannot be divided without difficulty.

(Pursuant to Title 21, United States Code, Section 853; Title 18, United States Code, Section 982; and Fed. R. Crim. P. 32.2(a).)

A TRUE BILL

_____
Foreperson

Dana J. Boente
United States Attorney

By: *Mary Daly*
Mary K. Daly
Assistant United States Attorney

Arthur G. Wyatt
Chief, Narcotic and Dangerous Drug Section

By: *Anthony Nardozzi*
Anthony J. Nardozzi
Trial Attorney, Narcotic and Dangerous Drug Section

5